UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **DONALD WILSON,** § § § § § § § § § § § § § | |
| Plaintiff, | Civil Action No.: |
| v. | |
| **MEDICREDIT, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

# COMPLAINT

DONALD WILSON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., allege the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Texas Debt Collections Practices Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("TFDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United

States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Mission, Texas 78572.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a national debt collection company with headquarters located at 3 Cityplace Drive, Suite 690, St. Louis, Missouri 63141.

9. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and Tex. Fin. Code Ann. § 392.001(6); and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Tex. Fin. Code Ann. § 392.001(2).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

14. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

15. The alleged debt arose out of transactions primarily for personal, family, or household purposes.

16. By way of background, beginning in or around late 2015, Defendant began placing repeated harassing telephone calls to Plaintiff's cellular telephone regarding an alleged medical debt.

17. Defendant's calls originated from the numbers including, but not limited to: (800) 888-2238. The undersigned has confirmed that this number belongs to Defendant.

18. In or around December 2015, and on numerous subsequent occasions in 2016, Plaintiff requested that Defendant stop calling.

19. However, Defendant continued to call Plaintiff through July 2016.

20. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place further calls.

21. Further, any continued calls could only have been for the purpose of harassment.

22. During this time, Defendant placed calls to Plaintiff using an automated telephone dialing system and/or a prerecorded voice.

23. Plaintiff knew that Defendant was using an automated telephone dialing system and/or a prerecorded voice as Plaintiff received automated calls that began with a pre-recorded message before the calls would be transferred to a live caller.

24. Defendant also threatened to garnish Plaintiff's wages during a conversation with Plaintiff.

25. Upon information and belief, Defendant did not intend to take such action against Plaintiff.

26. After Plaintiff's requests to stop calling were ignored by Defendant, Plaintiff took necessary measures to block calls from Defendant's phone number.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA

27. A debt collector violates § 1692d of the FDCPA by engaging n conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

29. Defendant violated §§ 1692d and d(5) when it continued to call Plaintiff repeatedly after Plaintiff requested that these collection calls stop on several occasions in 2015 and 2016.

## COUNT II
## DEFENDANT VIOLATED § 392.302(4) OF THE TFDCPA

30. A debt collector violates § 392.302(4) of the TFDCPA by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

31. Defendant violated § 392.302(4) of the Texas FDCPA when it continued to call Plaintiff repeatedly after Plaintiff requested that these collection calls stop on several occasions in 2015 and 2016.

# COUNT III
## DEFENDANT VIOLATED §§ 1692e, 1692e(4), 1692e(5) AND 1692e(10) OF THE FDCPA

32. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33. A debt collector violates § 1692e(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

34. A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

35. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

36. Defendant violated §§ 1692e, 1692e(4), 1692e(5) and 1692e(10) when it threatened to garnish Plaintiff's wages without the intent to take such action and without taking such action.

# COUNT IV
# DEFENDANT VIOLATED THE TCPA

36. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

38. Defendant's calls to Plaintiff were not made for emergency purposes.

39. Defendant's calls to Plaintiff beginning in January 2016 and continuing through July 2016 were not made with Plaintiff's prior express consent.

40. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

41. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

42. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, DONALD WILSON, respectfully prays for a judgment as follows:

 a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

 b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

 c. All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

 d. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

 e. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B);

 f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

 g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)

 h. Any other relief deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED,

Dated: January 13, 2017			KIMMEL & SILVERMAN, P.C.

By: /s/ Amy Bennecoff Ginsburg
Amy Bennecoff Ginsburg
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile (877) 788-2864
Email: aginsburg@creditlaw.com